996 F.2d 313
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 C.R. WIEDEMANN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7133.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 C.R. Wiedemann appeals the denial of his application for Social Security disability benefits. Mr. Wiedemann claims that he suffers from disabling pain resulting from an injury to his lower back. After his application for benefits was denied, he requested an administrative hearing before an ALJ. The ALJ determined that Mr. Wiedemann's allegations of disabling pain were not credible and, applying the grids set out at 20 C.F.R. Pt. 404, Subpt. P., App. 2, Table No. 1 (1992), held that Mr. Wiedemann was not disabled. Mr. Wiedemann sought judicial review in district court and the matter was referred to a magistrate judge, who recommended affirmance of the ALJ's decision. The district court adopted the magistrate's report and recommendation.
 
 
 3
 On appeal, Mr. Wiedemann contends that the ALJ's finding on his claim of disabling pain is not supported by substantial evidence, that the ALJ should have called an expert witness, and that the ALJ erred in resolving his claim by using the grids. We must affirm the ALJ's findings of fact if they are supported by substantial evidence. See 42 U.S.C. § 405(g) (1988); Gossett v. Bowen, 862 F.2d 802, 804-05 (10th Cir.1988). Substantial evidence, which is more than a mere scintilla and less than a preponderance, is "such relevant 'evidence that a reasonable mind might accept to support the conclusion.' " Gossett, 862 F.2d at 804 (quoting Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.1987). Evidence is not substantial if it is overwhelmed by other evidence or if it is in reality mere conclusion. Id. at 805 (quoting Fulton v. Heckler, 760 F.2d 1052, 1055 (10th Cir.1985)).
 
 
 4
 Upon careful review of the record, and of Mr. Wiedemann's arguments and authorities, we conclude that the ALJ's finding on the extent of Mr. Wiedemann's pain is supported by substantial evidence. The ALJ evaluated the pain evidence under the appropriate factors, see Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987), and considered in particular Mr. Wiedemann's daily activities and his lack of willingness to follow his physicians' advice on steps he could take to reduce his pain. The record contains substantial evidence to support the ALJ's determination that Mr. Wiedemann was not credible in claiming that his pain was so severe as to be disabling.
 
 
 5
 Mr. Wiedemann also alleges that the ALJ erred in failing to call a vocational expert to establish that jobs exist in the national economy which he could perform, and that the ALJ erred in using the grids to assess his disability. Resort to the grids is appropriate when a claimant's residual functional capacity exactly matches a particular work category and is not limited by nonexertional impairments such as disabling pain. Here the ALJ determined that Mr. Wiedemann has the residual functional capacity to perform the full range of sedentary work. The ALJ further found that Mr. Wiedemann's ability to perform sedentary work was not limited by his pain. Our review of the record reveals that these findings are supported by substantial evidence. Because the ALJ's findings thus support application of the grids, testimony from a vocational expert was not required. See Gossett, 862 F.2d at 806.
 
 
 6
 Accordingly, we affirm the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3